**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**CHARLESTON DIVISION**

| | | |
|---|---|---|
| PAF Investments, LLC and Fabricating Acquisition, LLC, | ) ) ) | |
| Plaintiffs, | ) ) | Civil Action No.: 2:11-CV-00552-PMD |
| v. | ) ) | |
| General Dynamics Land Systems, Inc., | ) ) | **ORDER** |
| Defendant. | ) ) ) | |

This matter is before the Court on Defendant General Dynamics Land Systems, Inc's ("Defendant" or "General Dynamics") motion to add Maverick Equipment Manufacturing Co. ("Maverick") as a party in this case pursuant to Rules 19(a)(1) and 20 of the Federal Rules of Civil Procedure. For the following reasons, the Court denies General Dynamics' motion to add Maverick as a party-defendant.

## BACKGROUND

As set forth in the complaint, Plaintiffs PAF Investments, LLC and Fabricating Acquisition, LLC (collectively, "PAF") have sued General Dynamics for payment of certain invoices owed by General Dynamics to Laurentide, Inc. ("Laurentide") for component parts sold by Laurentide to General Dynamics. General Dynamics is a manufacturing company that designs, builds, and supports an array of land and amphibious combat and tactical support systems. Since at least 2006, General Dynamics has purchased various component parts for some of its products from Laurentide, a South Carolina metal fabricating company. According to the complaint, Laurentide pledged all of its outstanding accounts receivable as security for financing provided to Laurentide by Crestmark Commercial Capital Lending f/k/a Commercial

1

Capital Lending ("Crestmark") under a factoring agreement between Laurentide and Crestmark. Generally speaking, factoring is a form of commercial finance whereby a business sells its accounts receivable to a financing company in exchange for immediate payment of some portion of those receivables. PAF alleges that Crestmark properly notified General Dynamics of the factoring agreement and directed General Dynamics to make all payments on open account with respect to Laurentide directly to Crestmark. PAF alleges that in response to and in compliance with notices provided to General Dynamics by Crestmark, General Dynamics forwarded payments to Crestmark for the amounts due and owing under the Laurentide accounts receivable.

On September 2, 2010, PAF purchased from Crestmark all of its rights under the factoring agreement with Laurentide and including assignment of Crestmark's rights to payment of Laurentide's accounts receivable. PAF thereafter contracted with Crestmark to administer all accounts receivable of Laurentide, such that Crestmark would continue to collect the receivables and remit the proceeds to PAF. PAF asserts that it remains the owner of all Laurentide accounts receivable created on or before October 15, 2010. PAF claims that despite the fact that General Dynamics had actual notice of PAF's prior perfected lien on Laurentide's accounts receivable, General Dynamics stopped making payments on the Laurentide accounts receivable to Crestmark.

On October 15, 2010, PAF sold many of Laurentide's assets to Maverick pursuant to a written agreement entitled "Asset Purchase Agreement" dated as of October 15, 2010. Since October 15, 2010, Maverick has conducted some of Laurentide's former metal fabrication business through its subsidiary Laurentec, LLC. According to Defendant's memorandum in support of its motion, General Dynamics has continued to do business with Laurentide since the Maverick acquisition and "is reasonably current with respect to all Laurentide accounts and

2

invoices." Def's Mem. at 3. According to General Dynamics, it "has satisfied every invoice from Laurentide for work performed on or before October 15, 2010, including all the invoices for which plaintiffs seek payment in this litigation." *Id.* General Dynamics claims that it investigated PAF's claim of nonpayment and discovered that some of the invoices for which it sought payment were either never issued or were for work that was rejected by General Dynamics in whole or in part. General Dynamics claims that the bulk of PAF's claim is for payments made by General Dynamics to Laurentide after October 15, 2010. *Id*. at 4. General Dynamics also claims that upon receipt of PAF's demand for payment, it contacted Maverick and verified that Laurentide had received all the payments to which it was entitled and all of the payments to which PAF claims to be entitled. *Id.* According to the Defendant, "Maverick explained to [General Dynamics] that PAF's claim to payment for Laurentide invoices was in part baseless and in part related to certain post-closing issues between Maverick and PAF." *Id.* PAF argues that while General Dynamics claims that it made payment for the disputed invoices, such payment was not made to PAF's agent Crestmark, the proper party to whom payment should have been made.

On March 9, 2011, PAF filed the instant suit to collect the outstanding Laurentide accounts receivable due and owing from General Dynamics. On May 3, 2011, General Dynamics filed its Motion seeking to add Maverick as a party to this litigation pursuant to Rules 19(a)(1) and 20 of the Federal Rules of Civil Procedure.

## ANALYSIS

General Dynamics' motion was made pursuant to Rule 19 of the Federal Rules of Civil Procedure, which governs the joinder of parties. In determining whether parties should be joined, a court should first determine whether the party is necessary under Rule 19(a). If the

court determines that the party is necessary, it will be ordered into the action.  If the party cannot

be joined because its joinder will destroy diversity jurisdiction, the court must then decide if the

party is indispensible under Rule 19(b).

> Rule 19(a)(1) describes when a party is considered to be "necessary:"
>
> A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:
>
> (A) in the person's absence, the court cannot accord complete relief among the existing parties; or
>
> (B) the person claims an interest relating to the subject matter of the action and is so situated that the disposing of the action in the person's absence may;
>
> > (i) as a practical matter impair or impede the person's ability to protect that interest, or
> >
> > (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple or otherwise inconsistent obligations by reason of the claimed interest.

"The inquiry contemplated by Rule 19 is a practical one . . . addressed to the sound discretion of

the trial court."  *See Coastal Modular Corp. v. Laminators, Inc.,* 635 F.2d 1102, 1108 (4th Cir.

1980).  Additionally, beyond the face of Rule 19, "[i]n exercising its discretion, the trial court

must consider the plaintiff's interest in choosing the parties to the action, the present defendant's

interest, the interest of the potential but absent party, and the public's interest in complete,

consistent, and efficient adjudication of disputes."  *See Frazier v. City of Norfolk,* 236 F.R.D.

273, 275 (E.D. Va. 2006).

In this case, since Maverick can be made a party to this action without defeating the

court's jurisdiction, it must be joined as a party if its presence is desirable, within the meaning of

Rule 19(a).[1]  General Dynamics claims that Maverick is a necessary party under Rule 19(a)(1)

---

[1] Maverick is a South Carolina company with its principal place of business in Summerville.  Since Plaintiffs are both organized under the laws of and headquartered in Illinois, and General Dynamics is incorporated and located

and 19(a)(2). In other words, General Dynamics claims that Maverick's presence is required in order to afford complete relief to the existing parties and argues that Maverick claims an interest in the subject matter of this case that may be prejudiced by the Court's disposition of the action.

Specifically, General Dynamics claims that in order to resolve this dispute, the Court will need to determine whether certain payments made by General Dynamics to Laurentide after October 15, 2011 belong to PAF. General Dynamics claims that the payments at issue were made to Laurentide, after PAF sold Laurentide's business to Maverick, but PAF contends that they are attributed to invoices and purchase orders for work delivered prior to the sale. General Dynamics claims that if the Court determines that the payments belong to PAF, that necessarily addresses the issue of Maverick's right to the payments.

Moreover, General Dynamics claims that Maverick's presence in this litigation is required in order to afford complete relief to the parties. General Dynamics points to an example of why Maverick must be joined in this litigation by pointing to $68,130.00 in invoices dated October 15, 2010. The Asset Purchase Agreement executed between PAF and Maverick set forth a defined "Closing Date" of 11:00 a.m. (EST) on October 15, 2010. The agreement further provided that PAF retained all rights to "accounts receivable and purchase orders for goods previously shipped to customers" and obligated Maverick to turn over to PAF any payment or remittance "clearly identified" as "products, goods or services delivered by [PAF] prior to the Closing." General Dynamics claims that "[s]tated otherwise, PAF is entitled to the proceeds of all monies for Laurentide products delivered to [General Dynamics] prior to 11:00 a.m. on October 15, 2010, and Maverick must surrender to PAF the proceeds of any payments for Laurentide work delivered to PAF prior to 11:00 on October 15, 2010. Consequently, in order to

---

principally in Michigan, the inclusion of Maverick as a defendant would not threaten the Court's subject matter jurisdiction under 28 U.S.C. § 1332.

determine whether PAF is entitled to payment from [General Dynamics] for the invoices dated October 15, 2010, this Court (1) must interpret the Maverick/PAF Asset Purchase Agreement, and (2) make findings of fact with respect to when the goods reflected in the invoices were delivered to [General Dynamics.]"  Def's Mem. at 5-6.  General Dynamics claims that it is immaterial to them whether Maverick or PAF is ultimately entitled to the payment for the October 15, 2010 invoices.  However, General Dynamics is concerned with ensuring that it does not pay twice for the same invoice(s).  Finally, General Dynamics argues that Maverick has both a financial interest in the issue of whether PAF is entitled to the proceeds of the invoices dated October 15, 2010 and possesses evidence relating to the meaning of the terms in the asset purchase agreement.  For these reasons, General Dynamics urges that Maverick must be joined as a defendant pursuant to Rule 19.

PAF argues that Maverick is not a necessary party.  PAF claims that General Dynamics "had notice to make payments to Crestmark for its obligations under the Laurentide [accounts receivable], and for whatever reason, [General Dynamics] stopped making its payments to Crestmark and apparently directed payment to another party.  However, pursuant to S.C. Code Ann. § 36-9-406, [General Dynamics] must pay to PAF the amounts due and owing under the disputed invoices, even if it has to pay twice for its mistake."  Pls' Mem. at 2.  PAF states that General Dynamics claims that it made payment for the disputed invoices; however, such payment was not made to PAF's agent Crestmark, the party to whom payment should have been made.  PAF argues that, in essence, General Dynamics seeks to add Maverick as a party to try and avoid liability under S.C. Code § 36-9-406 for making payments to the wrong party without authorization or direction from PAF.  According to PAF, if General Dynamics wants to sue Maverick for payments it wrongfully made to it, it can do so.  "PAF, however, does not have to

pursue Maverick or any other party—[General Dynamics] is obligated to pay PAF, and that is the only party PAF must pursue. If Maverick has a claim against PAF for issues surrounding the sale of the Laurentide assets to it, as alleged by [General Dynamics] in its Motion, Maverick can bring an action against PAF." Pls' Mem. at 3. PAF asserts that complete relief *can* be accorded to both parties to this suit presently without the addition of Maverick.

Finally, PAF states that there is no danger under Rule 19(a)(1)(B) that inconsistent obligations will result if there are separate suits between Maverick and General Dynamics or Maverick and PAF. "The mere risk that a defendant who has successfully defended against a party may be found liable to another plaintiff in a subsequent action does not necessitate joinder of all parties in one action." *Id.* at 4 (citing *RPR & Assocs. V. O'Brien/Atkins Assocs.,* 921 F. Supp. 1457 (M.D.N.C. 1995), *aff'd* 103 F.3d 120 (4th Cir. 1996)).

Upon review, the Court finds that Maverick is not a necessary party to this action under Rule 19. While it may be convenient to add Maverick as a party in this case, a party is not necessary simply because joinder would be convenient, or because two claims share common facts. *See Southern Co. Energy Mktg, LP v. Va. Electric and Power Co.,* 190 F.R.D. 182, 185 (E.D. Va. 1999) (citing *Schlumberger Indus. Inc. v. Nat'l Surety Corp.,* 36 F.3d 1274, 1286 (4th Cir. 1994)). PAF claims that General Dynamics owes PAF money for certain accounts receivable created on or before October 15, 2010. General Dynamics claims that it has paid all invoices created on or before October 15, 2010; however, General Dynamics is not only required to have paid these invoices but to have also directed payment to the appropriate secured party, i.e. Crestmark. PAF is correct in stating that pursuant to S.C. Code Ann § 36-9-406, if General Dynamics directed payments to the wrong party for accounts receivable belonging to PAF, then General Dynamics may properly be subject to double liability. In addition, if General Dynamics

7

wants to sue Maverick for payments it wrongfully made to Maverick, General Dynamics may be able to do so; just as Maverick may bring a suit against PAF for issues surrounding the sale of the Laurentide assets to it, as alleged by General Dynamics in its Motion.  However, in this case, without joining Maverick as a party, the court *can* accord complete relief among the existing parties, and Maverick's absence will not impair or impede its ability to protect its interest or leave General Dynamics subject to a substantial risk of *wrongfully* incurring multiple or inconsistent obligations.

In addition to seeking to add Maverick as a necessary party pursuant Rule 19, General Dynamics argues that Maverick may be joined under the permissive joinder of Rule 20. However, permissive joinder under Rule 20 is not available to General Dynamics.  "[A] defendant cannot use Rule 20 to join a person as an additional defendant."  *Moss v. Spartanburg Cty. School Dist. No. 7*, 2010 WL 2136642 (D.S.C. 2010) (citing *Hefley v. Textron, Inc.,* 713 F.2d 1487, 1499 (10th Cir. 1983)).  "The permissive joinder rule gives the *plaintiff* a powerful tool to structure litigation. . . . It permits the *plaintiff* to join multiple parties on either . . . side." *Id.* (citing 4 James Wm. Moore et al., Moore's Federal Practice, ¶ 20.02[2][a][i] (3d ed. 2009) (emphasis added)).  "A defendant may not seek permissive joinder under Rule 20(a) unless he filed a crossclaim or counterclaim."  *Id.*  General Dynamics has not filed any crossclaims or counterclaims in this case.  "Only when a defendant has 'file[d] a counterclaim or crossclaim will the defendant be treated as a plaintiff for purposes of permissive party joinder [under Rule 20].'"  *Id.*  Accordingly, General Dynamics may not seek to join Maverick as a co-defendant under Rule 20.

8

## CONCLUSION

For the foregoing reasons, it is hereby **ORDERED** that Defendant's motion to add

Maverick Equipment Manufacturing Company as a party is **DENIED.**

**AND IT IS SO ORDERED**.

PATRICK MICHAEL DUFFY
United States District Judge


**July 7, 2011**
**Charleston, SC**

9